**Tom WOSTAL, Plaintiff,**

**v.**

**The TRAVELERS INSURANCE CO.
(The Travelers Indemnity Company), Defendant.**

**Aetna Insurance Company, Intervenor.
Civ. A. No. 63–C–55.**

United States District Court
S. D. Texas,
Corpus Christi Division.
March 10, 1965.

R. Briscoe King, Corpus Christi, Tex., for plaintiff.

Kleberg, Mobley, Lockett & Weil, Leslie S. Lockett, Corpus Christi, Tex., for defendant.

Fischer, Wood, Burney & Nesbitt, Frank W. Nesbitt and Scott T. Cook, Corpus Christi, Tex., for intervenor.

GARZA, District Judge.

This cause began in the State court as a suit between Tom Wostal against the Travelers Insurance Company (later corrected to show the real party at interest to be the Travelers Indemnity Company) for declaratory judgment that a certain policy issued by Travelers to Counts Concrete Company covered him, and that Travelers was bound not only to defend him, but to pay any damages assessed against him. The case was removed to this Court by Travelers, and Aetna Insurance Company has since intervened.

In its present status, the case is a fight between Travelers Indemnity Company and Aetna Insurance Company to determine who is to bear the payment to a plaintiff in a State court suit of the damages allowed said plaintiff under agreement of the parties.

The question to be decided, however, is still whether or not Tom Wostal was

an additional insured under the policy issued by Travelers Indemnity Company to Counts Concrete Company, which is something that Travelers and Aetna, which have both filed motions for summary judgment, seem to have forgotten in their briefs.

The Court has heard oral arguments, and counsel for Aetna and Travelers have filed extensive briefs in behalf of their respective motions for summary judgment, and both parties agree that the granting of either motion for summary judgment will terminate this case.

The facts which bring this case to its present status are as follows:

Counts Concrete Company, requiring sand and gravel to be hauled to its place of business in Corpus Christi, Texas, for use in its business operations, engaged the use of trucks with drivers for the purpose of transporting the materials from M. P. Wright's Gravel Pit near Robstown, Nueces County, Texas, to Counts Concrete Company's place of business in Corpus Christi. One of the trucks so hired was owned by one Zaragoza Guerra, Jr. The use of the truck was engaged by Counts Concrete Company pursuant to the terms of a written lease agreement executed by Counts and Zaragoza Guerra, Jr., on April 18, 1962, under which Zaragosa Guerra, Jr., was to furnish the truck, driver and all operating expenses for the purpose of hauling sand, and Counts was to pay $1.25 per cubic yard of sand hauled or such other consideration that might be agreed upon by the parties for the use of the truck. At the same time, Counts entered into a similar contract with Zaragoza Guerra, Sr., for two trucks that he owned, under the same terms and conditions and by a written lease.

On September 4, 1962, the truck owned by Zaragoza Guerra, Jr., while being driven and operated by his brother, Eli Guerra, was put in position at the Wright Gravel Pit to be loaded. Tom Wostal, an employee of the Wright Gravel Pit, was operating a front-end loader used in loading the truck. While engaged in loading the truck, Tom Wostal accidentally backed the front-end loader over Zaragoza Guerra, Jr., who was at the pit at the time as driver of one of the trucks belonging to his father, waiting to be loaded next, thereby causing him personal injuries.

Aetna Insurance Company had issued a liability insurance policy to M. P. Wright, Jr., owner of the Wright Gravel Pit, covering only M. P. Wright, Jr., but which furnished no insurance protection to any employees of M. P. Wright, Jr., such as Tom Wostal, the operator of the front-end loader.

Travelers Indemnity Company had issued its liability insurance policy to Counts Concrete Company, agreeing to pay on behalf of the "insured" thereunder all losses and damages for which the insured was legally liable. The word "insured" under the Travelers policy included not only the named insured, Counts Concrete Company, but included, as well, anyone "using" a "hired automobile." "Use" of a hired automobile included the loading or unloading of such a vehicle. "Hired automobile" was defined in the policy to mean "an automobile used under contract in behalf of or loaned to the named insured." The pertinent parts of the policy issued by Travelers are set out below in Footnote 1.

1. Under Part I, Coverage A, of the Insuring Agreements in the comprehensive liability policy issued by Travelers to Counts Concrete Company, Travelers agreed:

"To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury, sickness or disease, including death at any time resulting therefrom, sustained by any person and caused by accident."

The policy defines "insured" in Part III of the Insuring Agreements as follows:

"The unqualified word 'insured' includes the named insured and also includes * * * (2) under coverages A & B, any person while using an owned automobile or a hired automobile

Zaragoza Guerra, Jr., filed suit against M. P. Wright, Jr., as owner of the gravel pit, and against Tom Wostal, his employee, who was operating the front-end loader at the time of the accident in the State Court.

M. P. Wright, Jr., filed a cross-action over and against his employee, Tom Wostal, to recover judgment over against him in the event that Zaragoza Guerra, Jr., recovered judgment against Wright.

Tom Wostal, not being in any way protected by the liability insurance policy issued by Aetna Insurance Company to his employer, notified Travelers, who had issued the policy in question to Counts Concrete Company, to appear and defend him in the case and to pay any judgment rendered against him, asserting that he (Tom Wostal) was an additional "insured" under the terms of the liability policy issued by Travelers to Counts Concrete Company.

> * * *, provided the actual use of the automobile is by the named insured or with his permission * * *."
> The policy, in Paragraph 3(f) of the conditions defines the purposes of use in part as follows:
> "Use of an automobile includes the loading and unloading thereof."
> A "hired automobile" is defined in Section 3(b) (2) of the Conditions in the policy as
> "An automobile used under contract in behalf of, or loaned to, the named insured * * *;"

2. "THE STATE OF TEXAS }
COUNTY OF NUECES }
WHEREAS, On September 4, 1962, Zaragoza Guerra, Jr. sustained severe, painful, and permanent personal injuries while a business invitee on those certain premises known as the Wright Gravel Pit situated near Bluntzer in Nueces County, Texas, when a front-end loader then being driven and operated by Tom Wostal accidentally struck and ran over him; and,

WHEREAS, Zaragoza Guerra, Jr. filed that certain lawsuit styled ZARAGOZA GUERRA, JR. v. M. P. WRIGHT, JR and TOM WOSTAL, numbered 78,008–C on the docket of the 94th District Court of Nueces County, Texas, wherein Zaragoza Guerra, Jr., as Plaintiff seeks to recover monetary damages against M. P.

Travelers Indemnity Company did appear to defend Tom Wostal in the original suit filed by Zaragoza Guerra, Jr., but under a Reservation of Rights Agreement denying that Tom Wostal was an "insured" under its policy issued to Counts Concrete Company.

During the trial of the damage suit, the personal injury claim of Zaragoza Guerra, Jr., was settled with the permission and consent of M. P. Wright, Jr., and Tom Wostal, whereby Zaragoza Guerra, Jr., was paid the total sum of $11,300.00. Aetna Insurance Company paid one-half of that sum and thereby became subrogated to the rights of its insured, M. P. Wright, Jr., over and against Tom Wostal. Travelers Indemnity Company paid the other one-half of the settlement sum. The two insurance companies, Aetna and Travelers, paid their respective halves of the settlement sum of $11,300.00 under the terms of a written agreement [2] between them to the

> Wright, Jr., alleging said M. P. Wright, Jr. to be liable to him for such damages because of the negligence of Tom Wostal, the employee of M. P. Wright, Jr., in operating said front-end loader, and in which said lawsuit the said M. P. Wright, Jr. filed a Cross-Action over and against his said employee, Tom Wostal, seeking full indemnity as against Tom Wostal; and,
> WHEREAS, The Aetna Insurance Company, as the liability insurance carrier under an insurance policy covering M. P. Wright, Jr. only, employed Frank W. Nesbitt of the law firm of Fischer, Wood, Burney & Nesbitt to defend said lawsuit on behalf of M. P. Wright, Jr. and to file said Cross-Action over against Tom Wostal seeking indemnity, the said Tom Wostal not being covered by said insurance policy; and,
> WHEREAS, Tom Wostal asserts and claims that he is covered and insured and protected under and by virtue of the terms of a liability insurance policy issued by The Travelers' Indemnity Company to the Counts Concrete Company against any losses, damages, costs and expenses resulting from the lawsuit above identified, and The Travelers' Indemnity Company denies that said insurance policy covers, insures, or protects Tom Wostal in any way and asserts that Tom Wostal is not an insured under the terms and provisions thereof; and,

effect that if it should be determined that Tom Wostal was an additional insured under the liability policy issued by Travelers to Counts Concrete Com-

WHEREAS, Tom Wostal has filed that certain suit in the United States District Court for the Southern District of Texas, Corpus Christi Division, against The Travelers' Indemnity Company, styled TOM WOSTAL v. THE TRAVELERS' INDEMNITY COMPANY, and being numbered Civil Action 63-C-55 on the docket of said Court, wherein he seeks a judicial declaration by said Court that the insurance policy issued by The Travelers' Indemnity Company to the Counts Concrete Company covers, insures, and protects him, Tom Wostal, as an additional insured under the terms thereof, and The Travelers' Indemnity Company has answered in said cause denying that such coverage exists; and,

WHEREAS, The Travelers' Indemnity Company, by and through duly authorized attorney, Cecil D. Redford of the law firm of Lewright, Dyer & Redford, did appear on behalf of said indemnity company to defend Tom Wostal against the Cross-Action filed against him by M. P. Wright, Jr. in said Cause No. 78,008-C above identified, but under the terms and provisions of a Non-Waiver or Reservation of Rights Agreement executed by and between Tom Wostal and The Travelers' Indemnity Company and/or The Travelers' Insurance Company, the said Tom Wostal being also represented in the defense of said Cross-Action by his personal attorney, R. Briscoe King; and,

WHEREAS, During the trial of said cause No. 78,008-C above identified, wherein Zaragoza Guerra, Jr. sought to recover damages of and from M. P. Wright, Jr., and wherein M. P. Wright, Jr. sought by his Cross-Action to recover judgment of full indemnity over and against Tom Wostal, the said Aetna Insurance Company, as the insurer of M. P. Wright, Jr., and the said The Travelers' Indemnity Company, as the alleged insurer of Tom Wostal, did agree that it would be to the best interests of all parties to consummate a settlement with Zaragoza Guerra, Jr. in the amount of $11,300.00, with the consideration being paid one half by the Aetna Insurance Company and one half by The Travelers' Indemnity Company, and with court costs being paid one half by each said company, subject, however, to the stipulations, terms, and conditions hereinafter set forth.

NOW, THEREFORE, The parties to this agreement, Aetna Insurance Company, acting by and through its duly authorized attorney, Frank W. Nesbitt, and The Travelers' Indemnity Company, acting by and through its duly authorized attorney, Cecil D. Redford, agree as follows:

1. Final settlement of all claims and causes of action asserted by Zaragoza Guerra, Jr. against M. P. Wright, Jr., his agents, servants, employees, and representatives, including Tom Wostal, for a consideration of $11,300 paid to and on behalf of Zaragoza Guerra, Jr. will be consummated and the parties to this agreement hereby agree that under all the facts and circumstances such settlement on such terms is advisable in the interests of said parties, and that the amounts to be paid under the terms of said settlement are reasonable.

2. Aetna Insurance Company and The Travelers' Indemnity Company will each pay to Zaragoza Guerra, Jr. or for his benefit one half of the agreed consideration, including one half of the court costs involved in the settlement agreement.

3. Aetna Insurance Company and The Travelers' Indemnity Company do hereby further agree that any judgment rendered in favor of Zaragoza Guerra, Jr. against M. P. Wright, Jr. could be predicated only upon negligence on the part of Tom Wostal in the operation of said front-end loader, and that therefore M. P. Wright, Jr., as the employer of Tom Wostal, could be held liable for damages suffered by Zaragoza Guerra, Jr. only upon the doctrine of *respondeat superior*, and as a matter of law, in event of any such judgment, M. P. Wright, Jr. would be entitled to judgment of full indemnity over and against Tom Wostal on the Cross-Action filed in said suit.

4. It is further agreed between these parties that if Tom Wostal is covered and protected as an additional insured under the terms of said liability insurance policy issued by The Travelers' Indemnity Company to Counts Concrete Company, then The Travelers' Indemnity Company should, on behalf of Tom Wostal, pay the entire cost and expense of the settlement effected with Zaragoza Guerra, Jr., and in the event it be hereafter determined that Tom Wostal is covered and protected as an additional insured under the terms of said liability insurance policy so issued to Counts Concrete Company, as aforesaid, The Travelers' Indemnity Company hereby agrees to reimburse and pay to Aetna Insurance Company that portion of the considera-

pany, Travelers should be held liable for the full settlement amount and be required to pay to Aetna Insurance Company the sum of $5,650.00; but if it should be determined that Tom Wostal was not an additional insured under the terms of the Travelers liability policy,

then Aetna Insurance Company should be held liable for the full settlement amount and be required to pay Travelers Indemnity Company the sum of $5,650.00.

Prior to the settlement of the personal injury suit, Tom Wostal had already filed this suit, seeking a declaration

tion paid by Aetna Insurance Company to Zaragoza Guerra, Jr. under the terms of said settlement agreement.

5. It is further agreed between these parties that if Tom Wostal is not covered and protected as an additional insured under the terms of said liability insurance policy issued by The Travelers' Indemnity Company to Counts Concrete Company, the Aetna Insurance Company should pay the entire cost and expense of the settlement effected with Zaragoza Guerra, Jr., and in the event it be hereafter determined that Tom Wostal is not covered and protected as an additional insured under the terms of said liability insurance policy so issued to Counts Concrete Company, as aforesaid, the Aetna Insurance Company hereby agrees to reimburse and pay to The Travelers' Indemnity Company that portion of the consideration paid by The Travelers' Indemnity Company to Zaragoza Guerra, Jr. under the terms of said settlement agreement.

6. The Travelers' Indemnity Company agrees that the payment by Aetna Insurance Company to Zaragoza Guerra, Jr. of one half of the consideration for the settlement effected with him does not constitute any admission on the part of Aetna Insurance Company that it is obligated to pay any part of the consideration of the settlement, or any admission on its part that Tom Wostal is not covered and protected as an additional insured under the terms of said liability insurance policy issued to Counts Concrete Company, or any admission on its part that The Travelers' Indemnity Company is not obligated to pay the entire consideration.

7. The Aetna Insurance Company agrees that the payment by The Travelers' Indemnity Company to Zaragoza Guerra, Jr. of one half of the consideration for the settlement effected with him does not constitute any admission on the part of The Travelers' Indemnity Company that it is obligated to pay any part of the consideration of the settlement, or any admission on its part that Tom Wostal is covered and protected as an additional insured under the terms of said liability insurance policy issued to Counts

Concrete Company, or any admission on its part that Aetna Insurance Company is not obligated to pay the entire consideration.

8. Both parties hereto further agree that no action taken by either of them with respect to the settlement effected with Zaragoza Guerra, Jr., or any moneys paid by either of them to Zaragoza Guerra, Jr. shall constitute any waiver of any position taken by Tom Wostal or by The Travelers' Indemnity Company in the suit pending in the United States District Court aforesaid.

9. Both parties agree that they will make a bona fide effort to adjust and settle their differences with respect to all questions of insurance coverage of Tom Wostal under the terms of the policy issued to Counts Concrete Company aforesaid, and all differences with respect to the legal obligation of the one or the other to pay the entire consideration for the settlement with Zaragoza Guerra, Jr.

10. In the event of a failure of the parties to settle and adjust their differences, as is provided in the preceding paragraph, the parties hereto agree that their legal obligations with respect to which of them should pay the entire consideration of the settlement with Zaragoza Guerra, Jr., and their legal obligations under the terms of this agreement, may be determined by a final judgment in said Civil Action No. 63–C–55, styled Tom Wostal v. The Travelers' Insurance Company, now pending in the United States District Court for the Southern District of Texas, Corpus Christi Division, and that Aetna Insurance Company may intervene in said cause for that purpose.

11. In the event it should develop, or be hereafter discovered or determined, that some other insurance company, not a party to this agreement, is in reasonable probability liable for payment of all or any part of said settlement agreement effected with Zaragoza Guerra, Jr., then it is agreed between the parties to this agreement that each and both of them will do everything reasonably required to establish the liability of any such insurance company which is not a party hereto and to force payment by such insur-

against Travelers Insurance Company that he (Tom Wostal) was an additional insured under the terms of the liability policy issued by Travelers to Counts. After his original suit brought in the State Court for declaratory judgment had been removed to this Court, Tom Wostal amended, making St. Paul Fire & Marine Insurance Company (who had a liability policy on the trucks being driven by Eli Guerra and Zaragoza Guerra, Jr.) a party.

St. Paul Fire & Marine, however, has been dismissed from this suit by an order of dismissal approved as to form and substance by the attorneys for Tom Wostal, Aetna and Travelers, for reasons better known to the parties, but which apparently was done because St. Paul claimed in its answer that it never received any notice of the accident or of the filing of the State court suit.

Depositions were taken of the Guerras and affidavits were filed by employees of Counts, and based on these depositions and affidavits, Travelers Indemnity Company, in support of its motion for summary judgment, makes claim that the lease agreement between the Guerras and Counts Concrete Company was a sham and that in truth and in fact the Guerras were independent contractors; that the only reason for the existence of the lease agreement was to satisfy the conditions of the Texas Railroad Commission and to avoid arrest by the Texas Highway Patrol of the Guerras while hauling the sand and gravel for Counts.

Travelers argues to the Court that since the Guerras were independent contractors, Johnson, et al. v. Royal Indemnity Co., 206 F.2d 561, by the Fifth Circuit, and American Casualty Co. of Redding, Pa., et al. v. Denmark Foods, Inc., et al., 224 F.2d 461, by the Fourth Circuit, are controlling under the facts in our present case, and that this Court must hold that the truck being loaded by Tom Wostal was not a hired automobile as contemplated under the terms of the Travelers policy as hereinbefore set out in Footnote 1.

I do not hold these cases to be controlling under the facts of the case before the Court, for in those cases the tort complained of was by the driver of the so-called independent contractor. If this were a case in which Counts Concrete Company had been sued for the torts of the drivers of the Guerra trucks, I would not hesitate to follow Johnson v. Royal or American Casualty v. Denmark, for I think that those cases were correctly decided.

Counsel for Travelers also relies heavily on Kelly v. Phoenix Assurance Co. of New York, 225 F.Supp. 562, by the United States District Court for the District of Maryland, which is a case similar to the one before us. I do not follow that case for the reason that my brother in that case relied heavily on Johnson v. Royal and American Casualty Co. v. Denmark, when I think that those cases did not apply to the facts in his case, as they do not in ours.

It is admitted that Tom Wostal was loading a Guerra truck at the time of the accident, and therefore was using it. Whether the Guerra truck being loaded by Wostal was under contract with an independent contractor or lessee, or under an oral agreement, makes no difference. It was still a truck used *under contract in behalf of* Counts Concrete Company, and Tom Wostal was, therefore, an "additional insured."

Counsel for Travelers argues, as hereinbefore set out, that if the Guerras

---

ance company of its obligations in this respect.

12. As evidence of the above agreements made between the parties hereto, Aetna Insurance Company and The Travelers' Indemnity Company, by and through their respective attorneys aforesaid, who are authorized by their respective clients to execute this agreement, do hereby execute this instrument in quadruplicate originals, this 6th day of November, 1963.

AETNA INSURANCE COMPANY
By /s/ Frank W. Nesbitt
    Frank W. Nesbitt
THE TRAVELERS' INDEMNITY
By /s/ Cecil D. Redford
    Cecil D. Redford"

were independent contractors, their automobiles were not hired automobiles under the policy, under the rulings of Johnson v. Royal and American Casualty v. Denmark which I am not willing to apply to the facts in this case.

Counsel for Travelers also urges on the Court that if the Guerras were not independent contractors, then Zaragoza Guerra, Jr., was either an employee or a loaned servant of Counts, and therefore could not recover. That question is not before this Court. That was a defense that Travelers could have used in the State case but which they waived when they agreed to settle. Furthermore, Counts was not a party to the State court suit.

For the purpose of this opinion, I am assuming that the Guerras were independent contractors, but even as such their trucks were still being used *under contract in behalf of* Counts Concrete Company. For this Court to hold that Tom Wostal, under the facts in this case, was not an "additional insured" would restrict the definition of hired automobile in the policy issued by Travelers Indemnity Company as an "automobile used under contract in behalf of or loaned to the named insured," and make it meaningless when coupled with the additional policy terms that an insured is any person using a hired automobile and that use of an automobile includes the loading and unloading thereof. If the policy meant only to cover hired automobiles, it could have stopped with the definition of hired automobile, and did not have to expressly define use of automobile to include loading and unloading thereof. Bituminous Cas. Corp. v. Travelers Insurance Co., D.C., 122 F.Supp. 197.

The Travelers Indemnity Company, in issuing its liability policy to Counts Concrete Company, was careful to provide that the coverage of the policy for additional insureds did not apply "(d) with respect to any hired automobile, to the owner, or a lessee thereof other than the named insured, or to any agent or employee of such owner or lessee."

If the additional insured provisions under hired automobile, use thereof, and loading and unloading, do not apply to the owner of the hired automobile or his agents or employees, to whom is it going to apply? I hold that it applies to persons situated such as Tom Wostal was in this case; that Tom Wostal as an additional insured, had a right to expect Travelers to defend him and to pay any damages which he became legally obligated to pay.

The motion for summary judgment of Aetna Insurance Company that this Court find that Tom Wostal was an additional insured under the Travelers policy to Counts is granted; and the motion for summary judgment of Travelers Indemnity Company is denied.

Counsel will prepare appropriate judgment for entry.